## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYE NEWTON,                              :        No. 3:25cv907
                                         :
                    Petitioner           :        (Judge Munley)
                                         :
            v.                           :
                                         :
WARDEN F. GARZA,                         :
                                         :
                    Respondent           :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Petitioner Sye Newton ("Newton"), an inmate confined at the United States Penitentiary at Canaan ("USP-Canaan"), initiated the above-captioned action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Newton alleges that the Federal Bureau of Prisons ("BOP") failed to apply his earned time credits under the First Step Act ("FSA"). He seeks application of his FSA credits and immediate release from custody. (Id. at 5). In addition, Newton moves for class certification and appointment of class counsel. (Docs. 1, 6).

Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the court will deny Newton's attempt to bring a putative *pro se* class action on behalf of his fellow prisoners. The court will serve the petition on Newton's own behalf.

I.    **Factual Background & Procedural History**

On November 19, 2021, a jury convicted Newton of bank robbery and brandishing a firearm in furtherance of a crime of violence, in the United States District Court for the Southern District of Texas.  United States v. Newton, No. 4:19-CR-816-1 (S.D. Tex.), Doc. 78.  The Southern District of Texas sentenced him to a total of 360 months in prison, followed by a supervised release term of 5 years.  Id., Doc. 128.  Newton appealed to the United States Court of Appeals for the Fifth Circuit.  United States v. Newton, No. 22-20375 (5th Cir.).  On November 21, 2023, the Fifth Circuit affirmed the judgment of conviction and sentence.  See id., Doc. 148.

Newton then challenged his conviction through a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Newton, No. 4:19-CR-816-1, Doc. 203.  On May 9, 2024, the Southern District of Texas denied his § 2255 motion.  Id., Docs. 208, 209.  Newton filed an appeal to the United States Court of Appeals for the Fifth Circuit.  United States v. Newton, No. 24-20400 (5th Cir.).  On February 3, 2025, the Fifth Circuit dismissed Newton's appeal.  Id., Doc. 13.

2

According to the BOP Inmate Locator, Newton's current projected release date is April, 29, 2045.[1]

Newton attempts to bring this § 2241 action on behalf of himself and several other inmates at USP-Canaan. (Doc. 1). He alleges that the BOP has unlawfully denied his FSA time credits, as well as those of the other inmates. (Id.).

## II.    Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254, Rule 1(b).

## III.    Discussion

Newton purports to bring this habeas petition on behalf of numerous other named and unnamed inmates at USP-Canaan. (Doc. 1). 28 U.S.C. § 2242 permits the filing of a habeas corpus petition by someone acting on behalf of the petitioner. Pursuant to 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas

---

[1] The BOP Inmate Locator can be accessed at the following address: https://www.bop.gov/inmateloc/.

corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  Here, the other inmate-petitioners did not sign the petition.  (See Doc. 1).  However, under the provisions of § 2242, the signing of the habeas corpus petition by Newton on the other inmates' behalf is acceptable.

While Newton may arguably sign the § 2241 petition on behalf of the other inmates, the remaining question is whether he, as a *pro se* litigant, can adequately represent their interests.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, there are four prerequisites which must be met before Newton's proposed class action may be certified.  To obtain class certification, Newton must show that:

(1)   the class is so numerous that joinder of all members is impracticable;
(2)   there are questions of law or fact common to the class;
(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)   the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); see also Gonzalez v. Owens Corning, 885 F.3d 186, 192 (3d Cir. 2018) ("The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence").  A district court can only certify a class if all four requirements of Rule 23(a) are met.  See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n. 6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09

(3d Cir. 1998). Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to Newton's proposed inmate class action. Once all four requirements of Rule 23(a) are satisfied, the class may be certified if at least one of the three subsections of Rule 23(b) are met. FED. R. CIV. P. 23(b).

Turning first to Rule 23(a)'s requirement that "the representative parties will fairly and adequately protect the interests of the class," the court finds that Newton cannot serve as a fair and adequate class representative. FED. R. CIV. P. 23(a)(4). In this regard, Newton clearly intends to personally direct this class action. (See Doc. 1). Newton is a *pro se* prisoner without formal training in the law and would not be able to adequately represent the interests of the class and maintain the suit as a class action.[2] It is well-settled that "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 250 n. 1 (3d Cir. 2005) (citations omitted). Thus, "*pro se* litigants are generally not appropriate as class representatives." Hagan v. Rogers, 570 F.3d 146, 158-59 (3d Cir. 2009) (citation omitted). Since Newton, a *pro se* inmate litigant, intends to serve as a class representative, any request for class certification does not meet the threshold consideration that the representative party will fairly and adequately protect the

---

[2] There is no indication that Newton is an attorney.

5

interests of the class.  Accordingly, Newton cannot pursue this matter as a class

action on behalf of fellow inmate-petitioners.  Because Newton fails to satisfy at

least one of the requirements of Rule 23(a), the court need not consider whether

he has met the remaining elements of Rule 23(a), or whether he has shown that

the proposed class satisfies one of the three requirements listed in Rule 23(b).

## IV.  Conclusion

Consistent with the foregoing, the court will deny Newton's request to bring

a *pro se* class action on behalf of his fellow prisoners.  The court will serve the

habeas petition on Newton's own behalf.

An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:     June ____, 2025