## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYE NEWTON,                          :      No. 3:25cv907
                                     :
                    Petitioner       :      (Judge Munley)
                                     :
        v.                           :
                                     :                FILED
WARDEN F. GARZA,                     :             SCRANTON
                                     :
                    Respondent       :              JUL 2 1 2025
·······································PER············D·T·············
                                                  DEPUTY CLERK

### MEMORANDUM

Petitioner Sye Newton ("Newton") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Newton alleges that the Federal Bureau of Prisons ("BOP") failed to apply earned time credits pursuant to the First Step Act ("FSA").  (Id.).  The petition is ripe for disposition and, for the reasons set forth below, the court will deny the habeas petition.

## I.    Background

On November 19, 2021, following a jury trial in the United States District Court for the Southern District of Texas, Newton was found guilty of bank robbery and brandishing a firearm during a crime of violence.  See United States v. Newton, No. 4:19-cr-816 (S.D. Tex.), Doc. 78.  On July 14, 2022, Newton was sentenced to an aggregate 360-month term of imprisonment.  See id., Doc. 128.

According to the BOP's Inmate Locator, Newton has a projected release date of April 29, 2045.  See https://www.bop.gov/inmateloc/.

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Newton has filed six administrative remedies.  (Doc. 11-4, Administrative Remedy Generalized Retrieval).  None of those administrative remedies concern the claims raised in the instant habeas petition.  (Id.).

## II.    **Discussion**

### A.    Exhaustion of Administrative Remedies

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in

3

the BOP Central Office, using the appropriate form.  See id.  An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels.  See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that Newton has not filed a single administrative remedy concerning the claims raised in the instant petition.  (Doc. 11-4; see also Doc. 11-2, Declaration of Joshua Bower, BOP Senior Attorney ("Bower Decl."), at 4 ¶ 8).  Rather than comply with the exhaustion requirements, Newton bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Newton concedes his failure to exhaust and argues that he should be permitted to "bypass[ ]" the exhaustion requirement.  (Doc. 1, at 2).  Newton appears to argue that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, and he should be released before the process is completed.  (Id.).  The court, however, is unpersuaded by Newton's argument, as it does not provide a basis to excuse exhaustion.  See, e.g., Greene v. Spaulding, No. 22cv1726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative

level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); Rodriguez v. Sage, No. 22cv2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); Ramirez v. Sage, No. 22cv638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

Further, Newton has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this court to find that exhaustion of administrative remedies would subject him to irreparable injury. Additionally, Newton was put on notice regarding his failure to exhaust

5

administrative remedies by respondent's answer and he had an opportunity to address exhaustion and present arguments on his behalf in his reply. Newton chose not to file a traverse. Newton has thus failed to set forth any basis to circumvent the prudential exhaustion requirement for Section 2241 petitions.

The court finds that Newton's claim must first be presented to BOP officials and fully exhausted. Because Newton did not fully exhaust his administrative remedies before petitioning this court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be denied.

B.    Newton's § 924(c) conviction renders him ineligible to receive FSA Time Credits

Respondent alternatively argues that Newton's habeas petition must be denied as the BOP properly determined that he is ineligible to receive FSA time credits because his § 924(c) conviction is a disqualifying offense under the FSA. (Doc. 11, at 7-10).

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn 10 days of credit for every 30 days of successful participation. See id. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments

6

may earn five additional days of time credit for every 30 days of successful participation, for a total of 15 days' time credit per 30 days' successful participation.  See id. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits.  See id. § 3632(d)(4)(D).  If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g).  Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison.  See id. § 3624(g)(1); see also 28 C.F.R. § 523.44(b), (c).

Respondent asserts that Newton is ineligible for earned time credits under the FSA because he has been convicted of a disqualifying offense listed in §

3632(d)(4)(D).  (Doc. 11, at 7-10).  18 U.S.C. § 3632(d)(4)(D) provides that: "[a]

prisoner is ineligible to receive time credits under this paragraph if the prisoner is

serving a sentence for a conviction under any of the following provisions of law:

… Section 924(c), relating to unlawful possession or use of a firearm during and

in relation to any crime of violence or drug trafficking crime." 18 U.S.C. §

3632(d)(4)(D)(xxii).  Newton was convicted of brandishing a firearm during a

crime of violence in violation of 18 U.S.C. § 924(c). See Newton, No. 4:19-cr-

816, Doc. 78.

    The court finds that the BOP properly found that Newton is ineligible for

earned timed credits under the FSA based on his disqualifying offense.  This

conclusion is bolstered by the relevant regulations, which plainly state that: "[i]f

the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C.

§ 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R.

§ 523.41(d)(2).  Because Newton was convicted of an offense enumerated in 18

U.S.C. § 3632(d)(4)(D), the BOP properly deemed him ineligible for earned time

credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D)(xxii).  Thus, he is

statutorily ineligible to receive earned time credits under the FSA and his Section

2241 petition must be denied.[1]

---

[1] Even if Newton's conviction did not render him ineligible for FSA time credits, any
FSA credits could not be applied until his risk level is reduced to minimum or low. See 18
U.S.C. § 3624(g)(1)(B).  As stated, inmates who are eligible for FSA time credits can accrue

III.    **Conclusion**

Consistent with the foregoing, the court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:      July 21, 2025

---

credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk.  See 18 U.S.C. § 3624(g)(1)(B); 28 C.F.R. § 523.44.  Assuming *arguendo* that Newton was eligible to earn FSA time credits, those credits could not be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment."  18 U.S.C. § 3624(g)(1)(B).  Newton's current recidivism risk level is high.  (Doc. 11-2, Bower Decl., at 4, ¶ 10; Doc. 11-6, FSA Recidivism Risk Assessment).  Newton would not be eligible for application of FSA time credits until, among other requirements, his risk level was reduced to minimum or low.

9